THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 20, 2017



Brett H. Ludwig
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE:     Desmond O. Washington,            Case No. 17-24473

               Debtor.                            Chapter 13

**DECISION AND ORDER**

On August 4, 2017, U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006-WF3 ("U.S. Bank") filed a Motion for In Rem Relief from Stay, Co-Debtor Stay and Abandonment in connection with the bank's security interest in real property located at 7748 West Grantosa Drive in Milwaukee ("Grantosa Drive Property"). No timely objections to the motion were filed. On September 12, 2017, the court held a hearing on the motion at which the debtor appeared in person and by attorney John Dries, and U.S. Bank appeared by attorney Christopher Drout. Based on the parties' submissions and the arguments of counsel, the court granted the motion in part, ordering relief from stay, relief from the co-debtor stay, and abandonment, but taking the issue of *in rem* relief under advisement. The court now denies U.S. Bank's request for *in rem* relief.

This is the debtor's fourth bankruptcy case. He filed his first bankruptcy case, No. 10-28587-mdm, on May 21, 2010. It lasted nearly two years, until April 11, 2012, when the court dismissed the case after the debtor failed to provide the Chapter 13 trustee with copies of tax returns and failed to file a feasible plan within court-ordered deadlines. One year later, on April 12, 2013, the debtor filed a second Chapter 13 case, No. 13-24455-svk, jointly with his now ex-wife, Malissa Washington. That case lasted until October 27, 2015, when it was dismissed for

failure to make plan payments. Shortly before that dismissal, on August 27, 2015, the court granted U.S. Bank's unopposed motion for relief from the automatic stay on the Grantosa Drive Property. The debtor filed his most recent prior case, No. 16-28200-beh, on August 16, 2016. It too was a joint case, filed with Malissa Washington. That case lasted just over a year, until, on September 7, 2016, the court dismissed the case on the debtors' own motion.

The debtor filed this case, without a joint debtor, on May 8, 2017. Even though the debtor had a prior case dismissed within the past year, the court ordered the automatic stay continued after the debtor timely moved for continuation of the stay under 11 U.S.C. §362(c)(3), and no interested party objected. On August 4, 2017, U.S. Bank filed a motion for relief from stay concerning the Grantosa Drive Property. In addition to seeking relief from the automatic stay, relief from the co-debtor stay, and abandonment, U.S. Bank also sought the extraordinary remedy of *in rem* relief from the stay under 11 U.S.C. §362(d)(4).

Section 362(d)(4) empowers the court to provide additional relief in circumstances where an ordinary order granting relief from the automatic stay will be ineffective to protect the secured creditor's rights. 9B Am. Jur. 2d *Bankruptcy* §1849 (2017). An order granting relief under section 362(d)(4), if properly recorded under state law, remains binding on the property in any bankruptcy case filed within the next two years. To obtain *in rem* relief under section 362(d)(4), a creditor must show: (1) the creditor has a claim secured by an interest in real property; (2) the debtor's bankruptcy petition was "part of a scheme to delay, hinder, or defraud creditors;" and (3) the scheme involved either: "(A) [the] transfer of all or part ownership of, or other interest in, [the] real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property." 11 U.S.C. §362(d)(4); *see In re Mendiola*, No. 17-23628-bhl-13, 2017 WL 4117328, 2017 Bankr. LEXIS 3127 (Bankr. E.D. Wis. Sept. 15, 2017).

U.S. Bank satisfies the first and third conditions here. It is a secured creditor with a claim secured by real property and the debtor has filed multiple bankruptcy petitions affecting that real property. But the record here does not support the finding that the current petition is part of a "scheme to delay, hinder, or defraud creditors." While the debtor has now filed four bankruptcy petitions, the circumstances of his filings do not at this point rise to the level of showing a

scheme to delay, hinder or defraud U.S. Bank.  Indeed, the debtor's Chapter 13 plan in this case provides for surrender of the Grantosa Drive Property to U.S. Bank.  And, the debtor did not even oppose the bank's motion for relief from the stay.  These facts fatally undercut the bank's suggestion that the debtor filed this case as part of a plan to delay, hinder or defraud U.S. Bank.  Because the record does not support the existence of the scheme element, U.S. Bank's motion for *in rem* relief under section 362(d)(4) must be denied.

THEREFORE, IT IS ORDERED that U.S. Bank's motion for *in rem* relief from the automatic stay is DENIED.

#####